UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
QATAR INVESTMENT AND PROJECTS DE-
VELOPMENT HOLDING COMPANY, W.L.L.,

                            Plaintiff,                    20 cv 9413 (PKC)

       -against-

                                                    ORDER

L'ETOILE ROYALE, INC., L'ETOILE
ROYALE, LLC and GARBIS
DOGRAMACIYAN,

                         Defendants.
-----------------------------------------------------------x
CASTEL, U.S.D.J.:

        Plaintiff Qatar Investment and Projects Development Holding Company, W.L.L. ("QIP") is described as a "family-run investment company based in Doha, Qatar." (Compl't ¶ 2.) It brings this action invoking subject matter jurisdiction by reason of diversity of citizenship, 28 U.S.C. § 1332.

        A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities that are members of the limited liability company. See Carter v. HealthPort Techs., LLC, 822 F.3d 47, 60 (2d Cir. 2016) ("In general, the citizenship of a limited liability company is determined by the citizenship of each of its members."); Strother v. Harte, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members."); Rule 8(a), Fed. R. Civ. P.

        Moreover, "diversity is lacking within the meaning of [28 U.S.C. § 1332] where . . . on one side there are citizens and aliens and on the opposite side there are only aliens." Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002); see also Tagger v. Strauss Grp. Ltd., 951 F.3d 124, 127 (2d Cir. 2020) ("federal courts do not have diversity jurisdiction over lawsuits between two foreign parties . . . .").

-2-

The Complaint does not allege the citizenship of the members of defendant L'Etoile Royale, LLC. (Compl't ¶¶ 4-5.) It also does not allege the citizenship of defendant Garbis Dogramaciyan, who is identified as the CEO of defendant L'Etoile Royale, Inc. (Compl't ¶¶ 8-9.) In addition, while the Complaint suggests that QIP is a citizen of Qatar, its description of "a family-run investment company based in Doha, Qatar" does not expressly allege the "State [or] foreign state by which it has been incorporated and . . . the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

Within 21 days of this Order, QIP may serve upon L'Etoile Royale, LLC an interrogatory limited to identifying the citizenship of all natural persons who are its members, and, if any corporation is a member, the jurisdiction under whose laws it is incorporated and the principal place of business. QIP also may serve upon defendant Garbis Dogramaciyan an interrogatory limited to identifying his citizenship. Defendants shall have 14 days to respond to their respective interrogatories.

Within 45 days of this Order, QIP shall amend its complaint to allege its own citizenship, as well as the citizenship of each member of the defendant limited liability company and of Garbis Dogramaciyan, or the action will be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

_P. Kevin Castel_
United States District Judge

Dated:    New York, New York
          November 16, 2020