UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
QATAR DEVELOPMENT AND PROJECTS
DEVELOPMENT HOLDING COMPANY,
W.L.L.,

                                Plaintiff,                            20-cv-9413 (PKC)

       -against-                                                      <u>ORDER</u>

L'ETOILE ROYALE, INC. and L'ETOILE
ROYALE, LLC,

                                Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Qatar Development and Projects Development Holding Company, W.L.L. ("Qatar Development") moves for the entry of default judgment against defendants L'Etoile Royale, Inc. and L'Etoile Royale, LLC (collectively, "L'Etoile").[1] The motion will be granted.

        The Complaint was filed on November 10, 2020. (Docket # 1.) Plaintiff asserts that defendants materially misrepresented and omitted information about the age, quality and characteristics of a pair of diamond earrings sold for $875,000, which were falsely described by defendants' proprietor and agent as vintage French earrings originating in the 19th Century. (Am. Compl't ¶ 19.) In truth, the Complaint asserts, the earrings are a product of recent manufacture. (Am. Compl't ¶¶ 22, 25-34.) The Complaint alleges a single claim of fraud. (Am. Compl't ¶¶ 43-56.)

---

[1] Defendant Garbis Dogramaciyan was voluntarily dismissed on June 2, 2021. (Docket # 22.)

Subject matter jurisdiction is premised on the diversity of citizenship between a foreign plaintiff and defendants who are alleged to be citizens of the United States, including New York, 28 U.S.C. § 1332. (Am. Compl't ¶¶ 4-8, 12.) The sole member of L'Etoile Royale LLC is alleged to be a Florida citizen. (Am. Compl't ¶ 4.) The Court is satisfied that it has personal jurisdiction over defendants because L'Etoile Royale, Inc. is alleged to be a New York corporation with its principal place of business in New York and L'Etoile Royale LLC is alleged to maintain a permanent place of business in New York and has been registered with the New York Department of State since 1998. (Am. Compl't ¶¶ 4-6.)

Affidavits of service reflect that service of process was effectuated on the two L'Etoile entities on December 22, 2020, and was made on their authorized agent in the Office of the New York Secretary of State. (Docket # 15, 16.) No defendant has answered or appeared. The Clerk of Court issued a certificate of default against the two L'Etoile entities on May 28, 2021. (Docket # 20.)

"It is an ancient common law axiom that a defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint. However, it is also true that a district court need not agree that the alleged facts constitute a valid cause of action." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) (citation and quotation marks omitted). In reviewing a motion for entry of default judgment, the district court must determine whether the allegations, if proven, would establish liability as a matter of law. Id.

The Court is satisfied that the Complaint adequately alleges L'Etoile's liability. Under New York law, "[t]he elements of a fraud cause of action consist of 'a misrepresentation or a material omission of fact which was false and known to be false by [the] defendant, made

for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury.'" Pasternack v. Lab. Corp. of Am. Holdings, 27 N.Y.3d 817, 827 (2016) (quoting Mandarin Trading Ltd. v. Wildenstein, 16 N.Y.3d 173, 178 (2011)).  Qatar Development alleges that it purchased the earrings from L'Etoile on November 11, 2014 for $875,000 after being falsely told, both orally and in writing, by L'Etoile's proprietor and agent that the earrings originated in 19th Century France.  (Am. Compl't ¶¶ 15-22.)  The Complaint plausibly alleges that the representations were made with the intent of inducing purchase of the earrings, that plaintiff justifiably relied on the representations based on defendants' specific and superior knowledge, and that plaintiff was damaged as a result.  (Am. Compl't ¶¶ 23-24, 35-42, 55.)  It alleges that Qatar Development learned the true quality of the earrings in or around 2019 after it consulted four vintage-jewelry experts.  (Am. Compl't ¶¶ 25-34.)

Because L'Etoile's default functions as an admission of the well-pleaded factual allegations of the Complaint, and the Complaint plausibly alleges a claim of fraud against L'Etoile, the default motion will be granted as to liability.

The default motion will also be granted as to damages, in the liquidated amount of $875,000.  Qatar Development has submitted a handwritten invoice from L'Etoile Royale that lists "1 ANTIQUE DIAMOND BALL EARINGS [sic] with FRENCH ASSAY Mark" in the amount of $875,000.  (Docket # 24-1.)  Qatar Development states that no part of its claimed damages has been paid.  (Hirschhorn Dec. ¶ 5.)  Because Qatar Development has submitted evidence to support damages in the liquidated amount of $875,000, a damages inquest is not necessary, and damages will be awarded in the amount of $875,000.

Qatar Development expressly states that it does not seek prejudgment interest or attorneys' fees. (Docket # 24 at 5.)

For the foregoing reasons, plaintiff's motion for entry of default judgment is GRANTED. (Docket # 24.) The Clerk is directed to enter judgment for plaintiff in the amount of $875,000 and to close the case.

SO ORDERED.

*P. Kevin Castel*
P. Kevin Castel
United States District Judge

Dated: New York, New York
July 29, 2021